Peaesoít, J.
 

 We are unable to see any ground upon which the plaintiff is entitled to the aid of this Court. If the lien upon the slave subsisted and remained in force, notwithstanding the marriage of Jane Cairnes, and the removal of the-, slave into this State by her husband, then the plaintiff, by his-purchase under execution sale, acquired a good title and had a full defense to the action at law. If, on the contrary, the-lien had lost its force, then the plaintiff acquired no title by his purchase under the execution (the title having vested in the husband) and consequently had no defense to the action at law. So taking it in either point of view, it is a mere question of legal title. There is no equitable ingredient presented by it, and no ground upon which a Court of Equity can interfere.
 

 The idea, that if one, who is the sxirety of the purchaser of a slave, is forced to pay the purchase money, he has an equity to follow the slave for exoneration in the hands of the administrator of the husband of the purchaser, although suggested, was not pressed on the argument. Sometimes, by the death
 
 *207
 
 of a husband, who has by his marital rights acquired the property of the wife, the fact that his personal representative is not liable
 
 for the debts of the
 
 wife- contracted
 
 dum sola,
 
 presents what is called a
 
 hard ease:
 
 but a Court of Equity can no more relieve against “ hard cases,” unless there be some ground of equity jurisdiction, than a Court of Law ; for both courts act upon general principles. Equity, as well as Law, is a science, and does not depend upon
 
 the discretion
 
 of the court entrusted with equity jurisdiction, or the vague ideas that may be entertained as to
 
 “
 
 hard cases.”
 

 The fact that the husband lived in this State, and by bringing the slave over the line, had, in some way, affected or interfered with the rights of the plaintiff, so that he had been unjustly subjected to a judgment in the action at law,'is vaguely stated, but how that gives any ground for the interference of a Court of Equity, we are unable to perceive.
 

 Pee Curiam. Bill dismissed.